IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE: )
)
SHERETTA ANN LEWIS, ) CASE NO. 306-06693
)
Debtor. ) CHAPTER 13
)
) JUDGE GEORGE C. PAINE II
)
_____

MEMORANDUM OPINION
_____

This matter is before the Court upon the Chapter 13 Trustee's objection to confirmation. Specifically, the Chapter 13 Trustee asserts that the debtor is not entitled to a discharge pursuant to 11 U.S.C. § 1328(f), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"), and that no provision in the debtor's proposed plan recognizes this bar on a discharge.

For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the Chapter 13 Trustee's objection to confirmation should be overruled.

The relevant facts are not in dispute. The debtor filed a petition under Chapter 13 on August 30, 2001. She converted her case to Chapter 7 on January 27, 2003, and she received a Chapter 7 discharge on May 30, 2003. The debtor then filed the present Chapter 13 case on November 14, 2006.

Pursuant to 11 U.S.C. § 1328(f), a Chapter 13 debtor may not receive a "discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge – (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order."

The Chapter 13 Trustee asserts that the "lookback" period starts running on the date of discharge (May 30, 2003) in the prior case rather than the date of filing (August 30, 2001)[1]

---

[1] The parties have correctly recognized that the conversion date is irrelevant in determining this issue. Pursuant to 11 U.S.C. § 348(a), when a case is converted from Chapter 13 to Chapter 7, the debtor is deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed. *See McDow v. Capers (In re Capers),* 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006) (citations omitted); *McDow v. Sours (In re Sours),* 350 B.R. 261, 267-68 (Bankr. E.D. Va. 2006) (original filing date of a case, not conversion date, controls running of time-bar for discharge purposes).

in the prior case. Under the Chapter 13 Trustee's interpretation, the debtor would not be entitled to a discharge in her current case.

The Court finds that the plain reading of the statute does not support the Chapter 13 Trustee's suggested interpretation. Section 1328(f)(1) specifically states that discharge is barred in the pending case if the debtor received a prior discharge in a case "***filed*** . . . during the 4-year period preceding the date of the order for relief." (Emphasis added). Pursuant to 11 U.S.C. § 301, the filing of a bankruptcy petition constitutes the commencement of a case, and the commencement of a case constitutes an order for relief. *See also* 11 U.S.C. § 302.

The legislative history of the BAPCPA regarding these amendments also supports this plain reading interpretation:

> [BAPCPA] amends section 1328 to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case.

H.R. Rep. No. 109-31, at 76 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 143.

The Court is further persuaded by those cases addressing this issue. ***See In re Knighton***, ___ B.R. ___, 2006 WL 3734391, at *4 (Bankr. M.D. Ga. Dec. 19, 2006) ("plain

reading of § 1328(f)(1) indicates that the lookback period runs from the filing date of the prior case to the filing date of the current case"); *McDow v. Ratzlaff (In re Ratzlaff)*, 349 B.R. 443, 444 (Bankr. D.S.C. 2006) ("Section 1328(f)(1) clearly provides that debtors in a chapter 13 case may not receive a discharge in their case when they received a discharge in a previous case and that previous case was filed within four years prior to the filing of the pending case"). *See also In re McGhee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) ("debtor who received a discharge in a Chapter 13 case filed within two years of the debtor *filing* a subsequent Chapter 13 petition may not receive a discharge in the second Chapter 13 case") (emphasis in original).

Accordingly, based on a plain reading of 11 U.S.C. § 1328(f), along with 11 U.S.C. §§ 301 and 302, the legislative history, and the relevant case law, it is clear that a debtor who received a discharge in a Chapter 7 case filed within four years of the debtor filing a subsequent Chapter 13 petition may not receive a discharge in the subsequent Chapter 13 case.

In the present case, the debtor filed her prior Chapter 7 case more than four years before filing the current Chapter 13 petition, and therefore, 11 U.S.C. § 1328(f)(1) does not bar her from receiving a discharge, nor does it provide a basis for objecting to discharge.

Accordingly, the Court finds that the Chapter 13 Trustee's objection to confirmation based on 11 U.S.C. § 1328 should be overruled.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**